Filed 9/26/14  Lorenzana v. County of Monterey CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| EDUARDO LORENZANA, | H038050 |
| Plaintiff and Appellant, | (Monterey County Super. Ct. No. M111479) |
| v. | |
| COUNTY OF MONTEREY et al., | |
| Defendants and Respondents. | |

Eduardo Lorenzana appeals the trial court's denial of his petition for writ of mandate, request for an injunction and request for declaratory relief related to his termination from the Monterey County Sheriff's Office.  On appeal, Mr. Lorenzana asserts the trial court erred because as an at-will employee of the sheriff's office, he was entitled to a full evidentiary hearing before termination under the Public Safety Officers Procedural Bill of Rights.  (Gov. Code, §§ 3300, et seq.)

### STATEMENT OF THE FACTS AND CASE

Mr. Lorenzana was hired by the Monterey County Sheriff's Office in 1986 and worked through the ranks until he was promoted in 2005 to sheriff's commander.  As a sheriff's commander, Mr. Lorenzana had a permanent position with the Monterey County Sheriff's Office.  In 2008, Mr. Lorenzana accepted a position as chief deputy sheriff under then-Sheriff Mike Kanalakis.  When Mr. Lorenzana accepted the position, he signed a "Notification and Acknowledgement of At-Will Employment."  The notification

stated, "[T]he position for which you have been selected is an 'At-Will' position and, as an incumbent in that position, you will serve at the pleasure of your appointing authority. Serving 'at the pleasure of your appointing authority' means that:  [¶] 1. Adverse action (which includes but is not limited to dismissal, suspension, demotion, reduction in salary, or written reprimand) may be taken against you after your appointing authority has provided you with a written notice setting forth the adverse action and has provided you an opportunity to discuss that action with him/her personally prior to its effective date. The cause(s) for the adverse action shall not be included in the notice.  [¶] 2.  If adverse action is taken in compliance with the notice procedure outlined above, as an employee who serves at the pleasure of his/her appointing authority, you will not have the right to appeal regarding such adverse action.  [¶] 3.  In the event you have heretofore held a permanent position in the same Monterey County department, by your acceptance of this appointment to an 'At-Will' position, you are giving up any vested legal right you may have to continued employment with the County of Monterey, and/or return to your permanent position within the department."

Former Sheriff Kanalakis lost the election for Monterey County Sheriff to Scott Miller in November 2010.  Former Sheriff Kanalakis began taking steps to transfer Mr. Lorenzana back to the position of sheriff commander; however, he was unsuccessful completing the transfer.

Sheriff Miller took office on December 31, 2010.  On January 13, 2011, Sheriff Miller sent Mr. Lorenzana a letter terminating his appointment as chief deputy sheriff effective January 21, 2011.  The letter stated that the termination was "non-disciplinary in nature and [was] based on [his] at-will status."

Mr. Lorenzana and his attorney met with Sheriff Miller and his assistant on January 27, 2011.  They expressed their position that former Sheriff Kanalakis transferred Mr. Lorenzana back to the sheriff's commander position before he left office.  Sheriff

2

Miller informed Mr. Lorenzana that the transfer was not effective, and the only alternative position available for him was that of deputy sheriff.

On January 31, 2011, Mr. Lorenzana's attorney sent a letter to Sheriff Miller saying that Mr. Lorenzana would not accept the alternative position of deputy sheriff. On February 8, 2011, Sheriff Miller sent a letter to Mr. Lorenzana stating: "Given your lack of acceptance of my offer by the agreed upon time and date, you are hereby terminated from employment effective January 28, 2010."

Mr. Lorenzana filed a complaint on April 1, 2011 seeking an injunction, writ of mandate, and declaratory relief. He alleged that he held the permanent position of sheriff's commander at the time he was terminated, and as a result, he could not be terminated without due process. In addition, Mr. Lorenzana sought to be reinstated as sheriff's commander to allow for an administrative appeal pursuant to Government Code, section 3304, subdivision (b).

The trial court denied Mr. Lorenzana's request for relief, finding that former Sheriff Kanalakis's purported transfer of Mr. Lorenzana back to the position of sheriff's commander was ineffective, and even if it had been effective, Mr. Lorenzana would have been in a probationary period during which he could be terminated at will. In addition, the court found that Mr. Lorenzana was in the position of chief deputy sheriff, an at-will position, at the time of the termination, and his signature and agreement to the notice and acknowledgment was sufficient to waive any right he might have had to an administrative appeal.

Mr. Lorenzana filed a timely notice of appeal.

DISCUSSION

On appeal, Mr. Lorenzana changes his position entirely from what he maintained in the trial court, not only asserting a different legal theory, but also arguing a different factual basis upon which the theory should be applied.

In the trial court, Mr. Lorenzana argued that he held the permanent position of sheriff's commander at the time of his termination. Therefore, his termination without just cause or a full evidentiary hearing violated his due process rights.

Here, Mr. Lorenzana does an about face and argues he *was not* in the permanent position of sheriff's commander at the time of his termination; rather he was actually in the *at-will* position of chief deputy sheriff. Despite the fact that he was at-will, and had signed the notice and acknowledgement of at-will employment status, Mr. Lorenzana argues that he was entitled to a full evidentiary hearing under POBRA (Police Officers Procedural Bill of Rights Act) because he was a high-ranking peace officer.

As a general rule, theories not raised in the trial court cannot be asserted for the first time on appeal. Appealing parties must adhere to the theory or theories on which their cases were tried. (*Ernst v. Searle* (1933) 218 Cal. 233, 240-241; *Brown v. Boren* (1999) 74 Cal.App.4th 1303, 1316.) This rule is based on the notion that it would be unfair to both the trial court and the opposing litigants to permit a change of theory on appeal. (*Brown v. Boren*, *supra*, at p. 1316.) The appellate court may deviate from the general rule and address new theories on appeal "when the issue presented involves purely a legal question, on an *uncontroverted record and requires no factual determinations . . . .*" (*Mattco Forge, Inc. v. Arthur Young & Co.* (1997) 52 Cal.App.4th 820, 847.) The appellate court is not required to apply this exception and consider a new theory based on a pure question of law. Whether to do so is within the appellate court's discretion. (*Resolution Trust Corp. v. Winslow* (1992) 9 Cal.App.4th 1799, 1810 (*Winslow*).)

4

In the present case, Mr. Lorenzana's appeal presents arguments, factual assertions and remedies that are not only new to the case, but are wholly inconsistent with his complaint in the trial court. The issue of whether as an at-will employee Mr. Lorenzana was entitled to an evidentiary hearing under POBRA before termination was never considered by the trial court.[1] Indeed, there were no arguments to this effect, because Mr. Lorenzana was not pursuing this theory for recovery. Moreover, Mr. Lorenzana's complaint contains no allegations that he was at-will, or that he was entitled to an evidentiary hearing on his termination despite his at-will status. Finally, on appeal, Mr. Lorenzana seeks back pay for this position as chief deputy sheriff, whereas in the trial court he sought reinstatement to the position of sheriff's commander so that he could pursue an administrative appeal.

An argument raised for the first time on appeal is generally deemed forfeited. (*Kaufman & Broad Communities, Inc. v. Performance Plastering, Inc.* (2006) 136 Cal.App.4th 212, 226.) In this case, Mr. Lorenzana did not raise the issue concerning whether he was entitled to a full evidentiary hearing despite his at-will status in the trial court. As a result, we will not consider it for the first time on appeal. (*Winslow*, 9 Cal.App.4th at p.1810.)

## DISPOSITION

The judgment is affirmed.

---

[1] The record reflects Mr. Lorenzana received a POBRA hearing in any event when he met with Sheriff Miller accompanied by his own counsel on January 27, 2011. Prior to the meeting, Sheriff Miller sent a letter to Mr. Lorenzana offering him a neutral hearing officer for the meeting. Mr. Lorenzana declined, and chose to meet with Sheriff Miller himself. At the meeting, Sheriff Miller informed Mr. Lorenzana that the purpose of the meeting was to provide a due process hearing for Mr. Lorenzana under POBRA. The meeting proceded and Mr. Lorenzana presented testimony about this history and qualifications for the position. Mr. Lorenzana offers no legal authority for the position that a POBRA hearing requires more than was provided to him on January 27, 2011.

_____
                                                              RUSHING, P.J.

WE CONCUR:


_____
          PREMO, J.


_____
          MÁRQUEZ, J.